## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | 3:10-cr-00003-RLY-CMM-2 |
| vs. | ) | |
| | ) | |
| KIMBERLY WYATT, | ) | |
| Defendant | ) | |

## REPORT AND RECOMMENDATION

On October 7, 2021, the Court held a final hearing on the Petition for Warrant/Violation for Offender Under Supervision filed on February 8, 2021 [Dkt 280] and Supplemental Petition for Warrant filed on March 12, 2021 [Dkt 284]. Kimberly Wyatt ("Defendant") appeared with FCD counsel, Gwendolyn Beitz (on behalf of FCD counsel Dominic Martin). The Government appeared by James Warden, Assistant United States Attorney. U. S. Probation appeared by Officer Jennifer Considine.

The Court previously conducted an initial appearance on the Petition and Supplement on September 20, 2021, Docket No. [292].

The parties advised the Court at the outset of the hearing that a proposed agreement was reached by which the defendant would admit Violation #1, and #2 in the petition Docket No. [280] and to Violation #3 of the supplemental petition, Docket No. [284] as part of a recommended sentence.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. §3583:

1.      The Court previously had advised Defendant of her rights and provided her with a copy of the petition during the September 20, 2021 appearance.  Defendant waived her right to a preliminary hearing at that time and the Court found probable cause to proceed on the Petition.

2.      The defendant was advised on both September 20 and October 7 that this matter had been referred by the District Judge and that the District Judge has final authority whether to accept, reject, or modify the recommendation.

3.      After being placed under oath, Defendant advised that she consented to the proposed agreement, had sufficient opportunity to consult with counsel, and was satisfied with her representation.  Defendant admitted Violation No. 1 and 2 of Docket No. [280] and to No. 3.  Docket No. [956].  The Court finds that the defendant's admissions were voluntary and uncoerced.

3.      The allegations to which Defendant admitted, as fully set forth in the petition, are:

**VIOLATION**
**NUMBER    NATURE OF NONCOMPLIANCE**

1.              "The defendant shall not commit another federal, state or local crime."

On July 30, 2020, the offender was arrested and charged in Warrick County Superior Court, under Cause 87C01-2008-CM-607, with the offense of Possession of Paraphernalia, a Class C Misdemeanor. On August 29, 2020, the offender was charged in Warrick County Superior Court under Cause 87C01-2009-CM-716, with the offense of Theft, a Class A Misdemeanor. On February 2, 2021, the offender was arrested and charged in Posey County Circuit Court under Cause 65C01-2102-F6-67, with the offense of Possession of Methamphetamine, a Level 6 Felony and Possession of Paraphernalia, a Class C Misdemeanor.

2.      "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

On February 2, 2021, the offender was arrested and charged in Posey County Circuit Court under Cause 65C01-2102-F6-67, with the offense of Possession of Methamphetamine, a Level 6 Felony

3.      "The defendant shall not commit another federal, state, or local crime."

On March 5, 2021, the offender was charged in Posey County Circuit Court under Cause No. 65C01-2103-F6-000135 with the offense of Possession of Methamphetamine, a Level 6 Felony.

4.      The parties stipulated that:

(a)     The highest grade of violation is a Grade **B** violation.

(b)     Defendant's criminal history category is **VI**.

(c)     The range of imprisonment applicable upon revocation of supervised release, therefore, is **21 to 27** months imprisonment.

5.      The Magistrate Judge, having considered the factors in 18 U.S.C. §3553(a), and as more fully set forth on the record, finds that:

(a)     The Defendant violated the supervised release condition as alleged in Violation #1, #2 and #3;

(b)     Consistent with the agreement presented by the parties, the Magistrate Judge recommends that the defendant be sentenced to the custody of the U.S. Bureau of Prisons for a period of 21 months without extension of any previously ordered supervised release to follow;

(c)     The agreement of the parties is an appropriate resolution of this matter and the agreement is commended to the favorable consideration of the District Judge with the Magistrate Judge's recommendation for sentencing;

3

(d)     Consistent with the defendant's request, the Magistrate Judge recommends BOP placement as close to Evansville, Indiana as possible.

Defendant shall remain in custody pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.  The parties have waived the 14-day objection period to file objections for the consideration of the District Judge.

Dated:  October 7, 2021

_____
CRAIG M. McKEE, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:
All ECF-registered counsel of record via email generated by the court's ECF system